IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Action No. 13-cr-00160-PAB-7
Civil Action No. 16-cv-02321-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

7. SANTOS ADOLFO FUNEZ,

      Defendant.

---

**ORDER DENYING § 2255 MOTION**

---

Movant, Santos Adolfo Funez, has filed a *pro se* Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 1021] and a Motion for Permission to File Oversized Brief (Supporting Memorandum) [Docket No. 1025]. The United States filed a response, Docket No. 1029, to which Mr. Funez replied. Docket No. 1030.

The Court construes Mr. Funez's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the § 2255 motion will be denied.

**I. PROCEDURAL HISTORY**

On April 23, 2013, Mr. Funez was charged with one count of conspiracy to distribute and possess 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, one

count of possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine, and one count of using a telephone as a communication facility to commit or facilitate the offense of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Docket No. 1 at 2, 11-12. After a four-day bench trial, *see* Docket Nos. 753, 754, 759, 761, the Court found Mr. Funez guilty on all three counts. Docket No. 841 at 31.

Prior to sentencing, Mr. Funez filed a Motion for Non Guideline Offense, Docket No. 937, and an Objection to Guideline Computation. Docket No. 945. He argued that the Court should sentence him to a non-guideline sentence due to his "role . . . in the offense and familial hardship pursuant to 5H 1.6." Docket No. 937 at 1. He also stated that his actions were a deviation from his productive and law-abiding history, *id.*, and argued that he was entitled to an adjustment under 2B.1.2(a) as a minimal participant. Docket No. 945 at 1.

Mr. Funez was sentenced to 188 months' imprisonment for each of the conspiracy and possession convictions and to 48 months' imprisonment for the use of a communication facility conviction, all to be served concurrently. Docket No. 965 at 3. Mr. Funez appealed his convictions and sentences to the Tenth Circuit, arguing that the Court erred in denying his request for a reduced total offense level. *United States v. Funez*, 615 F. App'x 492 (10th Cir. 2015) (unpublished). The Tenth Circuit affirmed the Court's denial of a downward adjustment. *Id.* at 496. Specifically, the Tenth Circuit determined that Mr. Funez was not a minimal or minor participant in the underlying

offense, and thus, any downward adjustment was not warranted. *Id.* at 494-95.

Mr. Funez filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, Docket No. 1021, and a Motion for Permission to File Oversized Brief (Supporting Memorandum). Docket No. 1025. The government responded, Docket No. 1029, and plaintiff filed a "traverse." Docket No. 1030. The Court construes plaintiff's filings as a pro se litigant liberally. *See Hall*, 935 F.2d at 1110. The Court will grant plaintiff's motion to file an oversized brief.

## II. ANALYSIS

Mr. Funez raises four arguments in his § 2255 motion. First, he argues that he received ineffective assistance of counsel because his attorney failed to object to the presentence report and failed to "advise Mr. Funez and explain in terms he could understand as to the specific requirements to obtain" a reduced sentence for acceptance of responsibility. Docket No. 1021 at 5; Docket No. 1022 at 37, ¶ 22.

To establish ineffective assistance of counsel, Mr. Funez must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* Mr. Funez bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel's performance to be constitutionally ineffective, it must have been completely

3

unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Mr. Funez also must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating that "[t]he likelihood of a different result must be substantial, not just conceivable."). In order for a defendant to make an ineffective assistance claim, he must identify the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Mr. Funez argues that the probation officer conflated the requirements for a reduction under U.S.S.G. § 3E1.1 with those of U.S.S.G. § 5C1.2 and that his counsel was constitutionally ineffective in failing to object to the presentence report. Docket No. 1022 at 38. Section 3E1.1 provides that the defendant is entitled to a two-level decrease in offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1. Further, § 5C1.2 states that a court shall impose a sentence in accordance with the applicable guidelines, without regard to any statutory minimum sentence, if a number of criteria are met, one of which is that the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense." U.S.S.G. § 5C1.2(a)(5). Mr. Funez argues that the probation officer "conflated" these two guidelines in the presentence report because the probation officer, in his discussion for acceptance of responsibility, mentioned that Mr. Funez failed to provide all information regarding his participation in the underlying crime.

4

Docket No. 1022 at 38-39; Docket No. 956 at 7. According to Mr. Funez, had counsel properly advised him of the requirements for a reduction in sentence, or had counsel objected to the presentence report, "there is a reasonable probability that the District Court would have granted a reduction in Mr. Funez'[s] sentence for acceptance of responsibility under U.S.S.G. § 3E1.1." Docket No. 1022 at 39.

"When, as here, the basis for the ineffective assistance claim is the failure to raise an issue, we must look to the merits of the omitted issue." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006). "If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance." *Id.*

The Court finds that any objection to the presentence report on that basis would have been without merit because the probation officer did not conflate these two guidelines in drafting the presentence report. Rather, the probation officer simply discussed Mr. Funez's overall cooperation with the prosecution – including his concealment of information from the government – which the probation officer found indicated a failure to accept responsibility. Docket No. 956 at 7. At no point did the probation officer invoke § 5C1.2 or confuse its provisions with the acceptance of responsibility reduction found in § 3E1.1. Thus, counsel's failure to object to the presentence report on this ground was not unreasonable, did not prejudice Mr. Funez, and is an unavailing basis for an ineffective assistance claim.

Further, Mr. Funez makes no argument why, had counsel informed him of the acceptance of responsibility requirements, there is a reasonable probability that he would have been granted a reduced sentence for acceptance of responsibility. It is "rare" for a court to find that a defendant has demonstrated an acceptance of

5

responsibility despite choosing to go to trial. *United States v. Day*, 223 F.3d 1225, 1230 (10th Cir. 2000). "This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.* (quoting U.S.S.G. § 3E1.1, commentary (n.2)). At trial, Mr. Funez maintained his factual innocence. *See, e.g.*, Docket No. 841 at 24, ¶ 60. He does not claim that, but for counsel's alleged failure to inform him of the requirements for a reduction in sentence for acceptance of responsibility, he would not have maintained his innocence or that he would have forgone trial and pled guilty. Thus, because Mr. Funez has not demonstrated prejudice so as to undermine confidence in the case's outcome, Mr. Funez has failed to prove that counsel's performance was constitutionally deficient.

Next, Mr. Funez argues that his appellate counsel was ineffective for failing to keep his direct appeal alive until November 1, 2015,[1] when Amendment 794 of the Sentencing Guidelines went into effect. Docket No. 1021 at 6. Specifically, Mr. Funez contends that his attorney could have filed a petition for rehearing at the Tenth Circuit or a petition for a writ of certiorari with the United States Supreme Court invoking an argument under Amendment 794, and counsel's failure to do so prejudiced him. Docket No. 1022 at 41, ¶¶ 30-31, 34.

---

[1] The Tenth Circuit issued its decision in Mr. Funez's direct appeal on June 26, 2015. *Funez*, 615 F. App'x at 492.

Amendment 794 "amended the commentary to [U.S.S.G.] § 3B1.2[2] to take the position that, in deciding whether a defendant played a minimal or minor role [in the criminal activity], 'the defendant is to be compared with the other participants in the criminal activity.'" *United States v. Orduno-Ramirez*, 719 F. App'x 830, 832 (10th Cir. 2017) (unpublished) (quoting U.S.S.G., app. C sup., amend. 794 (Nov. 1, 2015)). Before the amendment, "the circuit courts took different approaches[] as to whether a defendant's role in the criminal activity was to be compared with that of the other participants in the specific criminal activity or with a typical offender committing the same type of offense." *Id.* The amendment was issued to resolve the circuit split. *Id.*

First, Mr. Funez cannot base an ineffective assistance of counsel claim on the failure to file a petition for a writ of certiorari. *United States v. Walker*, 2008 WL 3200688, at *17 (N.D. Okla. Aug. 5, 2008) ("[A]ppellate counsel had no obligation to file a petition for defendant because the right to counsel does not extend to discretionary review by the Supreme Court."); *see also Ross v. Moffitt*, 417 U.S. 600, 610 (1974) (holding that there is no constitutional right to counsel on discretionary appeal); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not have been deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").

Further, "[a] petition for rehearing falls into the category of discretionary appeals, and therefore [counsel] was not under an obligation to file the petition for rehearing on

---

[2]U.S.S.G. § 3B1.2 provides that a defendant's offense level should be decreased by four levels if the defendant was a minimal participant in the criminal activity and should be decreased by two levels if the defendant was a minor participant in the criminal activity. U.S.S.G. § 3B1.2(a)-(b).

7

[the movant's] behalf." *United States v. Straughan*, 2009 WL 553064, at *1 (D. Neb. Mar. 4, 2009). While the Tenth Circuit has not spoken on whether a petition for rehearing is a discretionary level of review, numerous courts have held that it is. *United States v. Coney*, 120 F.3d 26, 28 (3d Cir. 1997) ("It would create a conflict with our Rules were we to require counsel to file a petition for rehearing if counsel believes the petition is without merit."); *Jackson v. Johnson*, 217 F.3d 360, 365 (5th Cir. 2000) ("[T]here can be no question that the granting of a motion for rehearing lies entirely within the discretion of the court of appeals. Rehearing at that point is by no means an appeal of right."); *Summers v. United States*, 2014 WL 5463910, at *6 (M.D. Ala. Oct. 27, 2014) ("An application for rehearing, or rehearing en banc, is discretionary.").

Even if a motion for rehearing was not deemed a discretionary level of review and Mr. Funez was entitled to effective assistance of counsel on such motion, Mr. Funez's argument would still fail because he cannot make the requisite showing of prejudice. Mr. Funez argues that, had counsel filed a motion for rehearing, "there is a reasonable probability that the Court of Appeals would have delayed ruling on" the motion until Amendment 794 became effective and "there is a reasonable probability that the Court of Appeals would have found that the Amendment applied to Mr. Funez'[s] case as a clarifying amendment and would have remanded [his] case to the District Court for consideration of a reduction in his sentence." Docket No. 1022 at 41, ¶ 34. The Court finds that Mr. Funez's argument is without merit. At sentencing, the Court considered whether Mr. Funez was a minimal or minor participant in the crime. Docket No. 987 at 16-17. In finding that Mr. Funez was not a minimal participant and therefore was not entitled to a four-level decrease, the Court compared Mr. Funez's

actions to "those involved in the [criminal] conduct." *Id.* at 17. It did the same when determining whether Mr. Funez was entitled to a two-level decrease as a minor participant. *Id.* at 18 ("If you take a look and try to compare him to other participants. . ."); *id.* at 19 (comparing Mr. Funez's culpability to other participants). Thus, the Court's sentencing analysis already complied with the guidance of Amendment 794 and would not have been a basis for the Tenth Circuit to remand the case for a reduction in sentence. Accordingly, the Court will deny § 2255 relief on this claim.

Mr. Funez next argues that he was prejudiced by the "[i]ndividual and [c]umulative" impact of errors during the pretrial, plea, trial, sentencing, and direct appeal processes. Docket No. 1021 at 7. More specifically, Mr. Funez raises an argument that, even if no single error was sufficiently prejudicial to warrant relief under § 2255, the cumulative impact of counsel's multiple deficiencies prejudiced him. Docket No. 1022 at 45. Mr. Funez highlights seven alleged points of error. Docket No. 1021 at 15-17, ¶¶ 38-44.

The majority of Mr. Funez's arguments are conclusory and devoid of any factual or legal argument. For example, Mr. Funez states that counsel "failed to investigate or present available, material, exculpatory evidence and testimony at trial and failed to timely object to the unlawful admission of evidence by the prosecution." Docket No. 1021 at 16, ¶ 40. But Mr. Funez does not, in his § 2255 motion or in his supporting brief, indicate to what exculpatory evidence or wrongly admitted evidence he refers. *See id.*; *see also* Docket No. 1022 at 45-46. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *Horn v. Kan.*,

2018 WL 6436065, at *7 (D. Kan. Dec. 7, 2018) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). *See also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("Although we must liberally construe Defendant's pro se petition, . . . we are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments.").[3]

Mr. Funez's remaining sources of cumulative harm – counsel's purported failure to "timely, properly, and effectively move for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court," Docket No. 1021 at 15, ¶ 38, and counsel's "placing of Mr. Funez on the witness stand without fully advising him as to the potential adverse consequences to his sentence if his testimony wasn't believed without any witness preparation, without a trial strategy, without any discernible purpose[,] without any certainty as to what he would say, and with some concern that he would commit perjury," *id.* at 16, ¶ 41 – are insufficient to find that Mr. Funez was prejudiced by the cumulative impact of these purported errors.

First, Mr. Funez's argument as to counsel's failure to "timely, properly, and

---

[3]Likewise, Mr. Funez's arguments that counsel "failed to advise Mr. Funez as to all facts and law relevant to his decision to plead not guilty and proceed to trial," Docket No. 1021 at 16, ¶ 39, that counsel "failed to investigate or present available evidence and legal authority" and "failed to object to[] unlawful, false and unreliable evidence used to determine Mr. Funez'[s] guideline sentencing range and ultimate sentence," *id.* at 16-17, ¶ 42, that counsel "failed to investigate or present the strongest issues available to Mr. Funez for his direct appeal and failed to preserve viable issues for collateral review," *id.* at 17, ¶ 43, that counsel "labored under an actual conflict of interest which adversely affected their performance during the pretrial, plea, trial, sentencing and direct appeal process in this case," *id.*, ¶ 44, lack any supporting factual development that would allow the Court to review his claims. *See id.* at 16-17, ¶¶ 39-44; *see also* Docket No. 1022 at 45-46. Because Mr. Funez has not sufficiently set forth an argument as to these points, the Court will not consider these subarguments in addressing Mr. Funez's cumulative error argument.

10

effectively move for dismissal of the indictment on the grounds that it was not presented or returned by the grand jury in open court" is without merit. Docket No. 1021 at 15, ¶ 38. Mr. Funez argues that, but for counsel's error in not moving to dismiss the indictment, there is a reasonable probability that the outcome of the proceeding would have been different because the indictment would have been dismissed upon counsel's motion. *Id.* at 15-16, ¶ 38.

The Federal Rules of Criminal Procedure require that a grand jury, its foreperson, or its deputy foreperson "return the indictment to a magistrate judge in open court." Fed. R. Crim. P. 6(f). "[C]ase law suggests the 'in open court' requirement mandates only that the grand jurors or the foreperson physically present the indictment in court while the judge is presiding." *United States v. Thompson*, 287 F.3d 1244, 1250 n.2 (10th Cir. 2002) (citing *United States v. Lennick*, 18 F.3d 814, 817 (9th Cir. 1994)); *see also Renigar v. United States*, 172 F. 646, 651 (4th Cir. 1909) ("[T]he handing of the indictment to the clerk and the entry of it on the record was all the publication ever intended."). While the record does not definitively indicate whether the indictment was returned in open court to the presiding judge, Mr. Funez makes no allegation that it was not. Docket No. 1021 at 15, ¶ 38. Here, the grand jury's indictment was signed by the grand jury foreperson and entered into the court record. Docket No. 2 at 19. Mr. Funez does not adequately set forth an argument as to why the absence of a motion to dismiss the indictment was the result of ineffective assistance of counsel, and the Court will not fashion an argument for him. *Fisher*, 38 F.3d at 1147. For this reason, Mr. Funez has failed to show that his counsel was constitutionally deficient for failing to move to dismiss the indictment. Counsel will not be deemed ineffective for failure to

raise a meritless objection. *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) ("[I]f the issue is meritless, its omission will not constitute deficient performance.").[4]

This leaves only one argument remaining – Mr. Funez's argument that counsel was ineffective for "placing" him on the witness stand. Docket No. 1021 at 16, ¶ 41. To the extent that defendant's argument may be read to imply that counsel chose to have defendant testify, the decision whether to testify is ultimately the defendant's, not counsel's. *United States v. Jacoby*, 750 F. App'x 689, 694 (10th Cir. 2018) (unpublished). Insofar as Mr. Funez argues that his counsel's poor advice, or counsel's failure to advise, led him to testify, Mr. Funez has not set forth any argument explaining what "facts and law relevant to his decision whether to testify" his counsel erroneously advised him about or why he was prejudiced by counsel's allegedly poor advice. An argument lacking in factual support will not suffice for § 2255 relief. "[A]llegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action." *Sussman v. Wilson*, No. 10-cv-03131-BNB, 2011 WL 1518665, at *3 (D. Colo. Apr. 20, 2011).

Moreover, there is no basis in Mr. Funez's argument for a finding of prejudice. In its Findings of Fact for Trial, Docket No. 841, the Court found that Mr. Funez was

---

[4]To the extent that Mr. Funez argues that his sentence violates Amendment 794 to U.S.S.G. § 3B1.2, *see* Docket No. 1021 at 17, ¶ 46, this argument is procedurally barred because it could have been raised on direct appeal. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)). Mr. Funez has not made a cause and prejudice argument in his § 2255 motion.

incredible because, throughout the course of the criminal investigation, his story often changed, *see* Docket No. 841 at 25, ¶ 65 (describing the inconsistences in Mr. Funez's law enforcement interviews), and further found that Mr. Funez's defense was "inherent[ly] implausib[le]." *Id.*, ¶ 66. Thus, even if Mr. Funez had not testified at trial, there is no indication that the Court would have found him not guilty or that the outcome of the proceeding would have been different. *See United States v. Hall*, 2015 WL 1034280, at *16 (D. Kan. Mar. 10, 2015) (denying ineffective assistance of counsel claim where "[d]efendant has not shown a reasonable probability that had he not testified, the jury would have reached a different result."). Mr. Funez has failed to show any prejudice resulting from counsel's advice with regard to testifying at trial, and the Court finds that he is not entitled to habeas relief on this ground.

Finally, Mr. Funez argues that his conviction and sentence violate the First, Fourth, Fifth, Sixth, and Eighth Amendments to the United States Constitution. Docket No. 1021 at 8. He sets forth no supporting facts explaining the basis of his claim, *see id.*, and further fails to set forth any legal argument in support of this claim. *See id.*; *see also* Docket No. 1022. Because Mr. Funez fails to present any argument as to this fourth claim, the Court will not grant habeas relief on this basis. *See Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1189 (10th Cir. 2008) ("[T]he brief fails to present any argument on these issues, so we decline to address them."). The Court finds that Mr. Funez is not entitled to relief under § 2255.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that the Motion for Permission to File Oversized Brief (Supporting Memorandum) [Docket No. 1025] is **GRANTED**. It is further

**ORDERED** that the Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 1021] is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED September 18, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge